UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHARLES FITZGERALD, *et al.*, | ) | |
| | ) | 2:06-CV-1324-RCJ-LRL |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MERCK & COMPANY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendant Merck & Company, Inc.'s Motion to Stay (#5) and Plaintiffs' Motion to Remand. (#12.) The Court has considered the motions, the pleadings on file, and oral argument on behalf of all parties. Pursuant to the following analysis, Defendant's Motion to Stay (#5) is *granted*.

**BACKGROUND**

Plaintiffs seek to recover damages related to the alleged increase in health risks, including heart attack and stroke, resulting from ingestion of Vioxx, an anti-inflammatory medication manufactured by Defendant Merck & Company, Inc. ("Merck"). Pursuant to the order of the Judicial Panel on Multidistrict Litigation creating MDL No. 1657, Judge Fallon of Eastern District of Louisiana is coordinating hundreds of Vioxx-related actions across the country under 28 U.S.C. § 1407. This case has been conditionally transferred to Judge

Fallon's court and Plaintiff's have noticed an opposition. Merck requests a stay in these proceedings pending the MDL Court's final decision on transfer.

**DISCUSSION**

MDL No. 1657 was created to centralize Vioxx litigation in order to eliminate duplicative discovery, prevent inconsistent or repetitive rulings, and conserve judicial and party resources. Despite the presence of the MDL proceeding, Plaintiffs oppose transfer to the MDL and ask this Court to remand the case to state court. They contend that this action was improperly removed to federal court by Defendants on the basis of fraudulent joinder of the Detailer Defendants. Plaintiffs assert that the record clearly shows an absence of fraudulent joinder, stripping the Court of diversity jurisdiction over the parties. Believing that jurisdiction is clearly lacking, Plaintiffs move the Court to remand the case to state court an deny the motion to stay.

The Court finds that the remand issues in this case, including fraudulent joinder, would be best decided by the MDL Court. As Judge Dawson noted in his Order staying a similar Vioxx case, "The hundreds of Vioxx cases currently pending before MDL No. 1657 present similar factual and legal issues regarding both the effects of Vioxx and remand issues such as fraudulent joinder. Because MDL 1657 is gaining ample experience examining the relevant facts for fraudulent joinder analysis, the interests of consistency, economy and fairness support their addressing the remand issue." *Mangani v. Merck*, 2:06-CV-0914-KJD-PAL (#20). The Court is persuaded by Judge Dawson's analysis and elects to follow him and the other Judges in the District of Nevada that have stayed similar Vioxx-related cases in these circumstances.

## CONCLUSION

Therefore, IT IS HEREBY ORDERED that Defendant Merck's Motion to Stay (#5) is *granted*. IT IS FURTHER ORDERED that proceedings in ths case are STAYED pending a final decision by the MDL Panel regarding possible transfer or ninety (90) days, whichever comes first.

DATED: January 24, 2007.

```
                                    ROBERT C. JONES
                                    UNITED STATES DISTRICT JUDGE
```